1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**
9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11

| | |
|---|---|
| 12  PATRICK PRINCE, | Case Number C 08-1014 JF |
| 13              Petitioner, | ORDER RE PENDING MOTIONS |
| 14       v. | |
| 15  RICHARD SUBIA, Warden, | [re: doc. nos. 27, 30, 31, 32, 33, 35, 36 ] |
| 16              Respondent. | |
| 17 | |
| 18 | |

19
20          On July 17, 2008, Petitioner Patrick Prince ("Prince"), proceeding *pro se*, filed the instant

21  petition for writ of habeas corpus.  On December 1, 2008, Respondent filed an answer and

22  lodged the record.  Prince requested and received extensions of the deadline for the filing of his

23  traverse until May 1, 2009.  Prince also filed a motion for appointment of counsel [docket no.

24  27], which was taken under submission by the Court, as well as motions for further extensions of

25  time to file the traverse [docket nos. 30, 33, 36], a motion for leave to amend the petition [docket

26  no. 31], a motion for stay pending disposition of the motion for leave to amend [docket no. 32],

27  and a motion to supplement the pleadings and stay the petition pending exhaustion of state

28  remedies or, in the alternative, to withdraw the request for leave to amend [docket no. 35].

1    The motions for extension of time to file the traverse are granted *nunc pro tunc*.  As set

2    forth below, the deadline for filing the traverse is extended to July 10, 2009.

3    The Sixth Amendment's right to counsel does not apply in habeas corpus actions.

4    *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  A court nonetheless may

5    appoint counsel to represent a habeas petitioner whenever "the court determines that the

6    interests of justice so require and such person is financially unable to obtain

7    representation."  18 U.S.C. § 3006A(a)(2)(B).  The decision to appoint counsel is within

8    the discretion of the district court.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986);

9    *Knaubert*, 791 F.2d at 728.  Prince initially sought appointment of counsel when he filed his

10   petition; that request was denied by the judge previously assigned to this case on the ground that

11   the interests of justice would not be served by appointment of counsel.  This Court similarly

12   concludes that the interests of justice do not require appointment of counsel.  The claims set

13   forth in the instant petition are fairly straightforward, and Prince has been able to present

14   them coherently.  Accordingly, the request for appointment of counsel is denied.

15   Prince has filed a number of motions relating to potential amendment of the

16   petition.  The original petition contains five[1] claims:  (1) violation of Prince's right to a

17   jury trial when the trial court imposed the upper sentencing term based upon facts not

18   admitted by Prince or found true by a jury; (2) ineffective assistance of trial counsel based

19   upon (a) counsel's failure to object to irrelevant DNA evidence, and (b) counsel's failure

20   to provide Prince with a DNA expert; (3) violation of Prince's right to due process

21   because the trial court improperly allowed a DNA expert to use ethnic databases without

22   independent evidence of the perpetrator's race; (4) violation of Prince's right to due

23   process because the trial court joined five different cases for trial despite Prince's motion

24   to sever; and (5) police and prosecutorial misconduct that rendered the trial unreliable.

25   On April 23, 2009, Prince filed a motion for leave to amend the petition.  That

26   motion indicates that Prince wishes to add a claim that he believes is administratively

27

28   [1] The petition purports to assert seven different claims, but claim five restates claim one, and both claims two and six assert ineffective assistance of trial counsel.

2

exhausted; however, Prince does not state what the new claim is.  On May 4, 2009, Prince filed a motion to stay and abate this action pending the Court's disposition of his motion for leave to amend the petition.  On May 12, 2009, Respondent filed opposition to the motion for leave to amend, pointing out that Prince had not submitted a proposed amended petition or indicated what claim he wishes to add.

On May 27, 2009, Prince filed motion to supplement the pleadings indicating that the proposed new claim is a claim of instructional error based upon the trial court's  use of CALJIC No. 2.50.01.  That instruction states that if the jury finds that the defendant has committed a prior sexual offense, the jury may infer that the defendant was likely to commit and did commit the crimes of which he is accused.  CALJIC No. 2.50.01 (2009).  CALJIC No. 2.50.1 states that the prosecution has the burden of proving such prior sexual offense by a preponderance of the evidence.  CALJIC No. 2.50.1 (2009).  Both instructions caution the jury that before a defendant can be found guilty of the crimes of which he is accused, the jury must be persuaded by the evidence as a whole that the defendant is guilty beyond a reasonable doubt.  CALJIC Nos. 2.50.01, 2.50.1 (2009).  CALJIC No. 2.50.01 expressly instructs that if the jury determines that an inference of guilt may be drawn from evidence of a prior sexual offense, such inference is merely one item to be considered along with all other evidence in determining whether the defendant is guilty beyond reasonable doubt.  CALJIC No. 2.50.01 (2009).

Prince claims that the trial court gave a modified version of CALJIC No. 2.50.01, instructing the jury that if it concluded that he was guilty as to any of the sexual crimes for which he was on trial, the jury could draw an inference that he had a disposition to and did commit the other sexual crimes for which he was on trial.  Prince also claims that the trial court instructed that for purposes of drawing such an inference, the jury had to find by a preponderance of the evidence that Prince had committed the crime giving rise to the inference.  Prince argues that this wording permitted the jury to (a) find by a preponderance of the evidence that he committed one of the crimes with which he was charged, and then (b) draw from such finding an inference that he committed all of the

3

1    other crimes of which he was charged.  Prince argues that these instructions

2    impermissibly lowered the prosecution's burden of proof by allowing the jury to find him

3    guilty on all counts if just one count was proved by a preponderance of the evidence.  On

4    June 1, 2009, Respondent filed opposition to the clarified motion for leave to amend,

5    asserting that the proposed new claim of instructional error is unexhausted, untimely and

6    without merit.

7          The claim does appear to be unexhausted.  Prince did not assert the proposed claim

8    of instructional error in his direct appeal.  He did quote the trial court's instructions in his

9    opening brief on appeal, but only in the context of his claim that the trial court abused its

10   discretion by denying his severance motion; specifically, Prince argued that the

11   instructions given to the jury did not *cure* the error of denying his motion for severance.

12   Op. Br. at 63-65 (Lod. Doc. No. 1).  It does not appear that the state appellate court

13   understood Prince to be asserting a freestanding instructional error claim, as the court's

14   lengthy opinion did not address such a claim separately.  App. Opin. (Lod. Doc. No. 6).  It

15   is unclear whether Prince asserted the claim in his petition for writ of habeas corpus filed

16   in the California Supreme Court, because Respondent has not provided that petition as

17   part of the record.  However, Prince appears to concede that the instructional error claim

18   is unexhausted, and he requests that the Court stay and abate the petition so that he may

19   exhaust the claim by presenting it to the California Supreme Court.  Pet's Mot. to Supp. at

20   4-5.

21         With respect to Respondent's argument that the proposed new claim is untimely,

22   the Court concludes that the new claim would relate back to the claims set forth in the

23   original petition and thus would not be time-barred.  *See Mayle v. Felix*, 545 U.S. 644,

24   664 (2005).  However, the Court agrees with Respondent that the proposed new claim

25   appears to be without merit.  Prince asserts that he seeks to add the claim at this late date

26   because it came to his attention only recently that the Ninth Circuit has held CALJIC No.

27   2.50.01 unconstitutional for the very reasons outlined above, namely, that the instruction

28   impermissibly lowers the prosecution's burden of proof.  Prince relies upon *Gibson v.*

                                            4

1  *Ortiz*, 387 F.3d 812 (9th Cir. 2004) in support of his claim.  *Gibson* has been disapproved

2  by a subsequent Ninth Circuit panel decision.  *See Byrd v. Lewis*, — F.3d —, 2009 WL

3  1351458 (9th Cir. May 15, 2009).  Moreover, *Gibson* addressed an outdated version of

4  CALJIC 2.50.01; in 1999, the instruction was revised to make clear that the jury cannot

5  find the defendant guilty of any crime charged unless the jury is persuaded of the

6  defendant's guilt beyond a reasonable doubt.  The trial court in this case included such an

7  admonition in its instructions.  *See* RT 708-10 (Lod. Doc. No. 11).  Accordingly,

8  *Gibson* is inapplicable.[2]

9       Because Prince's proposed new claim is without merit on its face, the Court will

10  deny the motion for leave to amend the petition.  Prince shall file his traverse on or before

11  July 10, 2009.

12                          **ORDER**

13       (1)    Prince's motions for extension of time to file a traverse [docket nos. 30, 33,

14              36] are GRANTED NUNC PRO TUNC.  Prince shall file any traverse on or

15              before July 10, 2009;

16       (2)    Prince's renewed motion for appointment of counsel [docket no. 27] is

17              DENIED; and

18       (3)    Prince's motions for leave to amend and for stay [docket nos. 31, 32, 35]

19              are DENIED.

20

21  DATED:  6/8/09

22                                                                  _____
23                                          JEREMY FOGEL
                                            United States District Judge

24

25

26  _____

27       [2]CALJIC No. 2.50.01 is limited on its face to sexual offenses *other* than those charged in
    the case in which the instruction is given.  It is not clear whether the trial court's application of
28  the instruction to sexual offenses charged in the same case was proper.  However, Prince has not
    raised this issue as a ground for relief.

                                            5