1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10                     **FRESNO DIVISION**

11

| | |
|---|---|
| Patrick Paul PRINCE, | Case No. 1-8-cv-1014-JF |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| Michael MARTEL, Acting Warden of Mule Creek State Prison, | |
| Respondent. | |

18       Petitioner Patrick Paul Prince, a prisoner incarcerated at Mule Creek State Prison in Ione,

19   California, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2010).  His petition,

20   (Doc. No. 1), sets forth five claims for relief, (*see* Doc. No. 39 at 2).  The Court previously

21   denied Petitioner's requests to amend the petition, finding that the claims he sought to add failed

22   to state any additional basis for habeas relief.  (*Id.* at 4–5.)  In the present order, the Court

23   resolves the original claims asserted in the petition as well as Petitioner's renewed request to

24   amend the petition and other pending motions.

25                          I

26       Petitioner's first claim is that his right to a jury trial was violated when the state trial court

27   imposed the upper sentencing term based upon facts neither admitted by Petitioner nor found true

28   by a jury.  Petitioner relies upon *Cunningham v. California*, 549 U.S. 270 (2007), in which the

1 Supreme Court of the United States held that, "under the Sixth Amendment, any fact that

2 exposes a defendant to a greater potential sentence must be found by a jury, not a judge. . . ." *Id.*

3 at 281. *Cunningham*, however, states expressly that the fact of a prior conviction may be found

4 by a judge instead of a jury. *Id.* at 288. The trial court imposed the upper sentencing term in

5 Petitioner's case based on Petitioner's prior convictions. Accordingly, Petitioner's first claim

6 lacks merit.

7 Petitioner's second claim is that his trial counsel rendered ineffective assistance by failing

8 to object to irrelevant DNA evidence and by failing to retain a DNA expert for the defense.

9 Petitioner's third claim is that the trial court violated his due-process rights when it improperly

10 allowed the prosecution's DNA expert to use ethnic databases without independent evidence of

11 the perpetrator's race.

12 However, as the California Court of Appeal recognized in a thorough and thoughtful

13 opinion that resolved Petitioner's direct appeal, *People v. Prince*, 36 Cal. Rptr. 3d 300 (Ct. App.

14 2005), some of the DNA evidence to which Petitioner, who is Caucasian, refers—specifically,

15 the profile frequency statistics derived from a Caucasian database—*was* relevant. This is so

16 because aside from the DNA evidence "the record sufficiently establishes that [Petitioner] is the

17 perpetrator and therefore shares the perpetrator's race," *id.* at 326, and this fact "result[ed] in the

18 utilization of [a Caucasian] database and resultant statistical evidence that increase the reliability

19 of the ultimate conclusion that [Petitioner] *is* the perpetrator," *id.* at 304. "Since the Caucasian

20 database evidence was relevant, counsel had no grounds upon which to object to its admission.

21 He had no obligation to raise a meritless objection." *Id.* at 326 n.33. Counsel did not render

22 ineffective assistance by failing to object to *relevant* evidence. It necessarily follows that the trial

23 court did not violate due process when it admitted the same relevant evidence.

24 Petitioner is correct that "statistical evidence based on the other ethnic databases was

25 irrelevant and presumably would have been excluded had an objection been made thereto." *Id.*

26 However, as the state appellate court recognized, "its admission did not prejudice" Petitioner, *id.*

27 at 326, for "it is readily apparent that a more favorable outcome would not have been reasonably

28 probable," *id.* at 326 n.33. Thus, Petitioner was not prejudiced by trial counsel's failure to object

2

1   to this evidence or by the trial court's failure to exclude it.  Similarly, given that the DNA

2   evidence demonstrated conclusively that "for the Caucasian population, the evidence DNA

3   profile was approximately 1.9 trillion times more likely to match [Petitioner's] DNA profile if he

4   was the contributor of that DNA rather than some unknown, unrelated individual," *id.* at 310, as

5   well as the plentiful independent evidence establishing Petitioner as the perpetrator, *id.* at 326,

6   Petitioner could not have been prejudiced by any failure on the part of his trial counsel to retain a

7   DNA expert.  Accordingly, Petitioner's second and third claims lack merit.

8        Petitioner's fourth claim is that the trial court violated his due-process rights when it

9   joined five different cases against Petitioner despite his motion to sever.  Petitioner contends that

10  the evidence against him in three of the cases was insufficient, and that "[t]he joinder of all these

11  cases created a spill[-]over effect which unfairly strengthened the weak cases."  (Doc. No. 1 at 5.)

12       All five cases involved similar sex crimes, primarily against children, in the small, rural

13  community of Wofford Heights, California, where Petitioner lived.  "There was evidence from

14  which it reasonably could be inferred that the perpetrator was on foot and familiar with each

15  victim's home and specific location within that home, and that [Petitioner] could have had this

16  knowledge."  This establishes that Petitioner "had the opportunity to commit the offenses."

17  Survivors of the crimes identified items seized from Petitioner's residence, including a pouch, a

18  ski mask, a flashlight, a knife used in an attack, and articles of clothing.  A gun seized from

19  Petitioner's property was consistent with a bullet recovered from one victim's wall.  *People v.*

20  *Prince*, No. F045053, at 54–55 (Cal. Ct. App. Dec. 5, 2005).

21       Considering this evidence along with the DNA evidence and other evidence presented at

22  trial, and having conducted an independent review of the record, this Court concludes, as did the

23  state appellate court, *id.* at 55, that there was sufficient evidence to sustain each of the five

24  convictions.  Accordingly, the denial of Petitioner's motion to sever was not prejudicial, and

25  Petitioner's fourth claim lacks merit.

26       Petitioner's fifth claim is that police and prosecutorial misconduct violated his right to a

27  fair trial.  Petitioner appears to be arguing that the evidence admitted against him at trial was

28  unreliable because he disputes its veracity, and that the prosecutor's arguments regarding the

3

1   evidence were inflammatory.  (Doc. No. 1 at 7; *id.* at 16–19.)   However, Petitioner's

2   disagreement with the testimony of the witnesses at trial does not render the evidence against

3   Petitioner unreliable.   Moreover, for the reasons discussed previously, the evidence against

4   Petitioner was sufficient to sustain the charges against him—even assuming that the factual

5   allegations he makes in connection with this claim are true.   Finally, even if the prosecutor

6   overstated the evidence in arguing that Petitioner "sweat all over" his ski mask when perpetrating

7   his crimes, the Court cannot discern any basis for concluding that this argument prejudiced

8   Petitioner.   Petitioner's fifth claim lacks merit.

9                                                                 II

10      Petitioner has filed five motions since the Court issued its most recent order in this action,

11   (Doc. No. 39).   In the first of the motions, Petitioner seeks reconsideration of the Court's denial

12   of his request for the appointment of counsel and his motion to amend the petition.   (Doc. No.

13   41.)   That request is denied for the same reasons that Petitioner's original request was denied.

14   (*See* Doc. No. 39 at 2.)   Because it concludes that the evidence against Petitioner was sufficient,

15   the Court denies Petitioner's request to amend his petition to add a claim of insufficiency of the

16   evidence.   The request to amend the petition to add a jury-instruction claim, along with the

17   request to amend the petition to add a claim of ineffective assistance of appellate counsel for

18   failure to raise the same jury-instruction claim, (Doc. No. 44), likewise are denied, as the trial

19   court included with the challenged instruction an admonition that the jury could not find

20   Petitioner guilty of any crime charged unless the jury was persuaded of his guilt beyond a

21   reasonable doubt, (Doc. No. 39 at 5).

22      In his second motion, Petitioner moves to stay the present action pending the outcome of

23   his motion to reconsider.   (Doc. No. 42).   This motion is moot in light of the denial of the motion

24   to reconsider.   Petitioner's third motion, a motion for an extension of time to file a traverse,

25   (Doc. No. 43), is both untimely and moot in light of the Court's determination that the claims in

26   the petition lack merit.   Petitioner's fourth motion, made purportedly pursuant to Rule 60, (Doc.

27   No. 46), is moot.   Petitioner's fifth pending motion, (Doc. No. 47), merely reiterates his first

28   pending motion, (Doc. No. 41), including his request to amend the petition to add a claim of

                                                                    4

1    ineffective assistance of appellate counsel, (Doc. No. 44); for the same reasons this request and

2    the first pending motion are denied, the Court denies Petitioner's fifth pending motion.

3                                                    III

4           Accordingly, and good cause appearing therefor, the Court hereby denies Petitioner's

5    petition for a writ of habeas corpus, denies all pending motions, and declines to issue a certificate

6    of appealability.  The clerk shall enter judgment in favor of respondent, terminate all motions,

7    and close the file.

8           IT IS SO ORDERED.

9

10   DATED:  March 24, 2010                          _____

11                                                   JEREMY FOGEL
                                                     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                     5